THE PRESIDENT AND TRUSTEES OF MOUNT PALATINE ACADEMY, Plaintiffs in Error, *v.* ANDREW KLEINSCHNITZ, and MICHAEL GRESS, Defendants in Error.

### ERROR TO PUTNAM.

If a note and deed are executed by an old corporation by a new name, it will be bound by its contracts, as if they had been executed by its proper name.

Where a new corporation has possession and control of premises, with the assent of the old corporation, for many years, and cannot be divested without six months' notice, a party who derives title from, and is in peaceable possession under the new corporation, is equally entitled to the same notice.

THIS was an action of ejectment brought by plaintiffs in error against defendants, in the Putnam Circuit Court. Defendants pleaded not guilty. That they were not in actual occupancy of the premises when suit was brought. That the plaintiffs were not and are not a corporation in manner and form as set forth in the declaration. Plaintiffs joined in issue to the country. There was a trial, and verdict and judgment for the defendants.

The plaintiffs introduced in evidence, an act to incorporate the Mt. Palatine Academy, in force March 3, 1845; and conveyance of the land to the corporation, etc., etc.

The defendants offered in evidence, an act to amend an act

entitled an act incorporating the Mt. Palatine Academy, by incorporating therewith a college, by the name and title of Judson College, in force February 17th, 1851. There was an attempt to prove that the latter charter superseded the former, and that there was a merger of the estate of the former in the latter.

BANGS & SHAW, for Plaintiffs in Error.

E. S. HOLBROOK, and T. P. HALLIGAN, for Defendants in Error.

CATON, C. J. We do not deem it necessary to express any opinion as to the effect of the act amending the charter of the plaintiff. Admitting that a new corporation was thereby created in which the title to the real estate owned by the old corporation was not vested, that act at least was designed to so amend the old charter as to vest in the new corporation the possession and control of the buildings and grounds used for academical purposes. By their action, all parties evidently supposed that this amendment of the charter continued the old corporation under a new name, and all that has been done appears to have been done under that supposition. Indeed, so far as we can discover from this record, the old corporation in fact continued its functions and exercised its powers under the name of the new one. If, in strictness of law, there were two corporations in name, there was but one in fact, and that was the old one. If we are right in this, if the old corporation took possession of this new charter, if it be one, while it professed to act as the old one under the new name, and was so understood by the old corporators—if, we say, all the acts done under the name of Judson College, were the acts of the old corporation under a new name, then the note was given, and the trust deed was executed by the old corporation under the new name, and it should be as much bound by it as if they had been done under the proper legal name.

The law must be the same with corporations as with individuals. Should an individual change his name without authority of law, or even against law, and give notes and

execute deeds to land held by him under his old name, they would be as obligatory upon him and as effectual in law, as if all had been done in his proper name.

But even this is not necessary to maintain the judgment. Admit the existence of the two corporations in fact as well as in law, and the facts of this case show that the plaintiff was not entitled to a judgment. The new corporation had the possession and control of the premises with the assent of the old, and continued in such possession and control with such assent for many years. The defendant deduces title from the new corporation, and under such title he took peaceable possession of the premises. If, then, the old corporation could not have maintained this action against the new, without giving it six months notice to quit, as tenants from year to year, and undoubtedly it was entitled to such notice, then this action cannot be maintained without the same notice to the defendant. There is no pretense of such notice, and the judgment must be affirmed.

*Judgment affirmed.*