## Rufus L. Craig, Appellant, v. William Peake et al., Appellees.

### APPEAL FROM BUREAU.

If on a trial of right of property, there is evidence tending to show property in the claimant, it is erroneous to instruct the jury that he fails to show any right, and they must find against him.

This was an appeal from the verdict of a jury, on a trial of the right of certain property, levied upon by the sheriff of Bureau county, on several attachments, in favor of the appellees, against Abner M. Moore, and which property was claimed by appellant.

The verdict of the jury empanneled by the sheriff, was in favor of the claimant, (the appellant,) and the appellees appealed to the Circuit Court of Bureau county.

The cause was tried at the April term, 1858, of the Bureau Circuit Court, before BALLOU, Judge, and a jury. The jury rendered a verdict for the defendants, (the appellees here.) The claimant moved for a new trial, which was overruled, and a judgment rendered against appellant, for costs.

The bill of exceptions shows that the appellant, on the trial, proved the execution of, and gave in evidence, a power of attorney, under seal, from Abner M. Moore to Thomas E. Morgan, dated June 12, 1857, authorizing Morgan to collect debts, give receipts, etc., and contains the following clause: "I also empower my said attorney to sell and transfer all, or any part of my stock of goods, at wholesale or retail, which I have on hand in my store in Sheffield, or otherwise, by deed or otherwise, and whatever my said attorney may or shall lawfully do in the premises, I do hereby confirm the same, as if I were present and did the same in my own proper person."

Appellant also proved and gave in evidence, a deed from Moore by Morgan, as his agent and attorney in fact, to appellant, dated June 15th, 1857, selling and transferring the goods in Moore's store at Sheffield, to appellant, in trust to sell the same, etc., and pay—

1st. Expenses of sale and collection ;

2nd. Pay one certain note of $500, made by Moore and appellant, to C. T. Nash, and two other notes, payable to certain merchants in Boston, both made by Moore and appellant, "on all of which notes the said Craig is the surety of said Moore ;"

3rd. Pay all other creditors of Moore, and the balance, if any, to Moore.

13

It was admitted on the trial, that appellant was *bona fide* liable as security of Moore, on the indebtedness mentioned in the deed.

It was proved that after the execution and delivery of the deed, appellant took possession of the goods, and removed them to another store, and was taking an inventory when they were levied on by the writs of attachment of the defendants. It was also proved that the power of attorney was executed in Iowa, and that by the laws of Iowa, a private seal is not necessary to the validity of any instrument.

It was also proved that Moore, both before and after the execution and delivery of the power of attorney, expressly requested Morgan to secure appellant against his liability, as Moore's surety, upon said goods, and that the deed was executed in pursuance of the verbal request, as well as the power of attorney. It was also proved that the goods were, before the assignment, the property of Moore.

The court was requested by the defendants, to instruct the jury " that the evidence adduced by the plaintiff clearly fails to show any right, on his part, to the property in controversy, and the jury should find for the defendants." The appellant objected to the giving of this instruction. The court overruled the objection, and gave the instruction, and appellant excepted.

After verdict appellant moved for a new trial. The court overruled the motion.

The errors assigned are,

1st. The giving of the instruction asked by defendant below.

2nd. Overruling appellant's objection to said instruction.

3rd. Overruling appellant's motion for a new trial.

4th. Rendering judgment for defendants below.

GEORGE W. STIPP, and W. H. L. WALLACE, for Appellant.

PETERS & FARWELL, for Appellees.

CATON, C. J. This case should have been submitted to the jury. There was evidence, to say the least, tending strongly to show that the property belonged to the claimant, and he had a right to take the opinion of the jury upon the evidence as to whether it was not his property. Independent of all other evidence, the property was found in his possession, claiming title, and this was of itself sufficient to put the case to the jury. The court erred in instructing the jury to find as they did, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*