JOHN C. HOLLIDAY and HIRAM REED

*v.*

HENRIETTA BURGESS, Executrix of JAMES BURGESS.

34 193
22a 524

1. SALE OF PROPERTY — *delivery.* As between the parties, the title to personal property passes without any delivery, whenever the sale is completed. An agreement to sell an article by weight or measure, when the article is identified and the price agreed upon, may be a complete sale, if the parties intended it as such, although the article sold is not weighed or measured.

2. INSTRUCTIONS. A judgment will not be reversed because an instruction leaves out the words "from the evidence," after the word "believe," unless it appears that the jury were misled thereby.

APPEAL from the Circuit Court of Kankakee county; Hon. CHARLES R. STARR, Judge, presiding.

This was an action of replevin brought by Holliday & Reed *v.* James Burgess, as sheriff of Kankakee county, to recover 1200 bushels of corn in a crib. There was a verdict of not guilty. The facts, so far as they are at all material to the points decided, appear in the opinion of the court.

Messrs. LORRAINE & BONFIELD, and Messrs. LELAND & BLANCHARD, attorneys for the appellants.

Messrs. GLOVER, COOK & CAMPBELL, attorneys for the appellee.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This is an action of replevin for a quantity of corn. The plaintiffs claimed title to it under a purchase from Augustus T. Ingham, whom they claimed to be the owner. The defendant claimed that the corn belonged to George H. Ingham, and, as the sheriff of Kankakee county, he had levied upon it as the property of the latter by virtue of an execution against him. On the trial there was evidence tending to prove that Augustus T. Ingham raised the corn on the Ingham place, and that it was his property and the sale to the plaintiffs; and there was

13 — 34TH ILL.

also evidence tending to prove that George H. Ingham was the owner of the corn. The third instruction given for the defendant was, that "if they (the jury) believed from the evidence that Augustus T. Ingham agreed with Holliday & Reed to sell them all the corn he raised on his place in 1860, more or less, at a stipulated price, and that the corn in dispute was raised in 1860 on said place, yet, that of itself, did not give Holliday & Reed the property in the corn in question, and the jury should find for the defendant. We think this instruction was likely to mislead.

As between the parties, the title to personal property passes without any delivery, whenever the sale is completed. An agreement to sell an article by weight or measure, where the article is identified and the price agreed upon, may be a complete sale if the parties intended it as such, although the article sold is not weighed or measured. *Riddle* v. *Varnum*, 20 Pick. 280.

The objection to the instruction is, that it assumes that, under the evidence, an agreement to sell, was not, and could not be a complete sale. The evidence tends to establish that the corn in controversy had at that time been harvested, and that in pursuance of the agreement it was afterwards set apart for the plaintiffs. We think it should have been submitted to the jury, to determine whether the parties had, by the agreement and the acts done under it, completed the contract between them. *O'Keefe* v. *Kellogg*, 15 Ill. 347; *Wade* v. *Moffett*, 21 id. 110.

If the agreement and the acts done under it were intended by the parties as a completion of the contract, the title to the corn passed, as between them.

The second instruction was erroneous in form in not containing the words "from the evidence," after the word "believe;" *Ewing* v. *Runkle*, 20 Ill. 445; but we should not reverse a judgment for that defect, unless it appeared that the jury were misled thereby.

For the error in the third instruction, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*