65   319
51a 580

# WILLIAM A. MERRICKS

## *v.*

# WILLIAM DAVIS.

1. EVIDENCE—*excluding all of party's evidence on motion.* Where a plaintiff has evidence tending to make out his case, it is error for the court to exclude it all on the motion of the other party.

2. On a trial of the right of property, it appeared that the corn in controversy had been levied on as the property of a tenant of the claimant, and that the same had been raised under a contract between the claimant and tenant, by which the latter was to deliver the grain, when harvested and gathered, to the claimant, in pens and granaries to be provided by the landlord. The claimant testified that none of the corn had been delivered to him at his residence when the levy was made, or the amount agreed on, while the tenant testified it had been delivered to the claimant on the premises before the levy. There were facts and circumstances testified to, showing that all the delivery was made of the crops, while growing, of which they were capable, and as fast as harvested they were set apart to the claimant. After evidence was concluded, the court excluded all of the claimant's evidence: *Held*, that it should have been submitted to the jury to determine

whether the parties had, by the agreement and acts done under it, completed the contract.

3. RIGHT OF PROPERTY—*validity of execution.* On the trial of the right of property, which has been levied on, the claimant can not be allowed to take advantage of the fact that the execution under which the levy was made was void.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. CRAIG & HARVEY, and Mr. F. S. MURPHY, for the appellant.

Messrs. McKENZIE & WILLIAMS, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

April 18, 1871, a judgment was rendered in favor of appellee, against A. C. Mason, D. Mason and B. Lomax, by a police magistrate, for $421.76, besides costs, upon which execution was issued September 5, 1871, and levied on a quantity of corn, being at the time on a farm occupied by Lomax, and as his property.

Appellant, claiming the corn as his property, gave notice to the constable, under the statute, for trial of right of property, and trial was had before the police magistrate, where the finding was against the claimant, who appealed to the circuit court of Knox county.

On the trial there, claimant introduced a written contract between him and Lomax, made May 31, 1871, by which the latter agreed to cultivate all the crops then planted or sown by him on the premises occupied by him, describing them; to do all that was necessary for the purpose of securing a good yield of grain, and to deliver the same in good order in bushels on the premises; the corn to be put up in pens, the wheat and oats in granaries, the hay to be put in stacks, which it was agreed should be the property of appellant, for the doing which appellant was to furnish Lomax certain utensils and a

team; in addition, pay him certain prices per bushel for grain, and per ton for hay.

Appellant introduced evidence tending to show that the corn in question was raised, under this contract, upon land of which Lomax was in possession; that it was raised by Lomax for him; that he was several times upon the ground to see about it, and had paid considerable sums of money to or for Lomax, by his direction, on account of it; that it was generally known in the neighborhood that Lomax was raising the crops that season for appellant.

Appellant, on his direct examination, testified that none of the corn had been delivered to him at Abington, where he lived, and some four miles distant from the farm where the corn had been raised.

On his cross-examination he said the corn had not been delivered, or amount agreed on, before the levy. But Lomax, who was admitted by the court as a witness, testified that the corn had been delivered to appellant before the levy.

When the evidence was concluded, the court, on motion of appellee's counsel, excluded all that was given on behalf of appellant from the jury. Verdict was given against him, with judgment for costs, and he appealed to this court.

There was evidence tending to make a case for appellant, and it was error to exclude it from the jury.

There were facts and circumstances testified to which tended to show that all the delivery was made of the crops, while growing, of which they were capable, and as fast as harvested they were set apart for appellant according to the contract.

The mere fact that appellant said, on cross-examination, without stating facts, that the corn had not been delivered or amount agreed upon before the levy, was not sufficient to justify the court in excluding all the evidence from the jury. It should have been submitted to the jury to determine whether the parties had, by the agreement and the acts done under it, completed the contract between them. *Holliday* v.

21—65TH ILL.

*Burgess,* 34 Ill. 193; *Craig* v. *Peake,* 22 Ill. 185; *Kohl* v. *Lindley,* 39 Ill. 195.

The point made by appellant's counsel, that the execution was void, has been ruled in accordance with their view. *Phillips* v. *Quick,* 63 Ill. 445. But it is not available in this proceeding. *Harrison* v. *Singleton,* 2 Scam. 21; *Dexter* v. *Parkins,* 22 Ill. 144.

For the error in excluding appellant's evidence from the jury, the judgment must be reversed and the cause remanded.

*Judgment reversed.*