EDWARD SECKEL *et al.*

*v.*

EMERSON W. SCOTT *et al.*

1. SALE—*when complete so as to pass the title.* As between vendor and vendee, the title to personal property passes without any delivery whenever the sale is completed; and an agreement to sell an article by weight, when the article is identified or separated from other like articles, and the price is agreed upon between the parties, will be a complete sale, if the parties intended it as such, although the article has not been weighed. Whether a sale is complete so as to pass the title, is a question of fact for the jury.

2. PLEADING—*when necessary to declare specially.* In a suit to recover damages for the non-delivery of goods under an executory contract to sell,

or for the non-delivery of goods bargained and sold, no recovery can be had upon the common counts.

3.  PLEADING AND EVIDENCE—*count for goods sold.*  Special counts alleging that goods were bargained and sold can not be supported, unless there has been an actual sale of the goods, and unless the property in them has become vested in the purchaser.

4.  INSTRUCTIONS—*must not submit a different state of fact from that stated in pleading.*  Where the plaintiff declares upon a completed sale, it is erroneous for the court, in instructing for him, to submit to the jury the question of an executory contract of sale, especially where there is no evidence tending to prove the latter.

5.  SALE—*accidental destruction before delivery—when an excuse for non-delivery.*  Where the defendants sold the plaintiffs their entire lot of butter at fourteen cents per pound, the terms of the sale being that, immediately upon the closing of the bargain, the buyers were to take at the store of the sellers and pay for 100 firkins, and pay as earnest money $2 for each of the remaining firkins, which they were to take at the sellers' store and pay the balance of the price within thirty days; and where they took and paid for at the time 125, and soon after 16, making in all 141 firkins, and paid the earnest money on the remaining 109 firkins, and before these last were taken it was destroyed by the Chicago fire without fault on the part of the sellers:  *Held*, in an action by the purchasers to recover damages for the non-delivery of the remainder thus destroyed, the declaration showing a completed sale, that the accidental destruction was a complete defense to the action.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. ROSENTHAL, PENCE & MOSES, for the appellants.

Messrs. HUNTER & PAGE, for the appellees.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

Appellants having in their store in Chicago a specific lot, comprising 250 firkins of butter, September 27, 1871, sold, and appellees bought, the entire lot at the price of fourteen cents per pound.

The terms of sale were, in substance, that immediately upon closing the bargain, the buyers were to take, at the store of

108          SECKEL *et al. v.* SCOTT *et al.*          [Sept. T,

Opinion of the Court.

sellers, and pay for, 100 firkins, also pay sellers as earnest money $2 for each firkin remaining of the lot, which buyers were also to take at sellers' store, and pay balance of price within thirty days.

On closing bargain, the buyers, instead of taking 100, took 125, and soon after 16 more, making in all 141 firkins which they took and paid for, leaving 109 to be taken and balance of price paid within thirty days, and upon which they paid the earnest money, as stipulated. Before these last were taken by the buyers, the great fire, October 8 and 9, came, and the goods were destroyed. October 26, 1871, the buyers demanded them of sellers, offering to pay the balance of price. The refusal was placed solely on the ground of the destruction of the goods.

Upon these facts, the buyers brought this action, declaring in special counts for not delivering goods bargained and sold, and the common counts. They recovered, and the sellers bring the case here by appeal.

The questions in the case arise upon the giving and refusing of instructions to the jury.

For defendants, the court was requested to instruct "that, between the vendor and vendee, the title to personal property passes without any delivery whenever the sale is completed, and an agreement to sell an article by weight, when the article is identified or separated from other like articles, and the price is agreed upon between the parties, may be a complete sale, if the parties intended it as such, although the article has not been weighed."

This instruction was refused, and the same, or its equivalent, is not contained in any that was given.

The question in controversy upon the facts in evidence was, whether the sale was so far completed as that the property and risk were in purchasers. If the property passed, the risk was with them, and they could not recover.

The instruction, though somewhat abstract in form, was directly applicable, and if the propositions of law embodied

in it are correct, then it was error to refuse it.   They are two:
(1.) That, as between vendor and vendee, the title passes upon
the completion of the sale, without any delivery.   (2.) That
a sale of specific articles by weight, and the price agreed
upon between the parties, may be a complete sale, although
the articles have not been weighed, if the parties intended it
should be complete.

The cases of *Wade* v. *Moffett*, 21 Ill. 110, and *Kohl* v. *Lind-
ley*, 39 Ill. 195, sustain the first proposition.

The second proposition is sustained by the cases of *O'Keefe*
v. *Kellogg*, 15 Ill. 347, and *Holliday* v. *Burgess*, 34 Ill. 193.
In the latter case, the court said: "As between the parties, the
title to personal property passes without any delivery whenever
the sale is completed.   An agreement to sell an article by
weight or measure, when the article is identified and the price
agreed upon, may be a complete sale if the parties intended
it as such, although the article sold is not weighed or meas-
ured," citing *Riddle* v. *Varnum*, 20 Pick. 280.   And it was
also held that, whether the sale was complete was a question
of fact for the jury.   This rule was laid down in *Wade* v.
*Moffett, supra,* citing *Kidder* v. *McKnight*, 13 Johns. 293;
*Shurtliff* v. *Willard*, 19 Pick. 209; *Houdlette* v. *Tallman*, 14
Maine R. 400.   So, in *Bell* v. *Farrar*, 41 Ill. 404, the court
said:   " As to the real question, whether the sale was so far
complete as to vest the title to the oats in Cannon, this was
properly left to the jury by instructions on the part of the
defendant, to which we can discover no good objection."

We do not understand from the evidence, that, by the terms
of the contract, anything was required to be done by the ven-
dors to ascertain the quantity.

In *O'Keefe* v. *Kellogg, supra,* the instruction was as follows:
" If, by the terms of the contract of sale of personal property,
anything remains to be done by the parties, as in the case of
grain, where the quantity is yet to be ascertained, the sale is
not consummated until the amount of such grain is ascertained

110          SECKEL *et al.* v. SCOTT *et al.*          [Sept. T.

Opinion of the Court.

and delivery made." The court said: "With the construction assumed on the argument, this instruction would be erroneous. Where anything remains to be done to complete the contract, such as ascertaining the quantity and the delivery of possession, the title does not pass till the contract is thus completed, while the title may pass when the contract is completed, although something may remain to be done under the contract in order to ascertain the amount to be paid by the purchaser. In such case, if the possession is delivered under the contract, and such is the intention of the parties, the title may pass although the quantity is subsequently to be ascertained. In this instruction, when fairly understood, the court told the jury that if, *by the contract of sale,* the quantity of the grain was still to be ascertained, and the possession was still to be delivered, the title did not pass until those acts were done, and such we understand to be the law."

In *Dennis* v. *Alexander,* 3 Barr, 50, it was held that, in in order to prevent the property from passing, something must be required to ascertain the quantity by the very terms of the contract. When it is clear, by the terms of the contract, that the parties intended the sale should be complete before the article sold is weighed or measured, the property will pass before this is done, even though the price can not be otherwise fixed. *Boswell* v. *Green,* 1 Dutch. N. J. 390; *Kimberly* v. *Patchin,* 19 N. Y. 330.

In no view of the case could damages for the non-delivery of the goods be recovered upon the common counts. The special counts are for the recovery of damages for the non-delivery by the vendors of goods bargained and sold, and not for the breach of an executory contract to sell. The very term "bargained and sold" imports a sale by which the title vested in the vendee.

These special counts alleging that the goods were bargained and sold, can not be supported, unless there has been an actual *sale* of the goods, and unless the property in them has become

vested in the purchaser.    2 Chit. Pl. side p. 264; 1 Chit. Pl. 348.

It would seem to follow, logically, that, as plaintiffs are bound by the allegations of their declaration, the moment the fact of the accidental destruction of these goods by fire was established, the answer to the cause of action in these counts was complete.

The court, by instructions on behalf of appellees, submitted the question to the jury that, if they believed, from the evidence, "that Seckel & Co. *undertook to sell and deliver* said butter to Scott & Co." etc., "and if the jury believe, etc., that, *by the terms of said contract,* the remaining firkins of butter not delivered and paid for as aforesaid, were to be weighed within a day or two, or at the time they should be called for, received and paid for by plaintiffs within said thirty days, and that in the meantime *the title to and property in said firkins of butter were to remain in the defendants, and be at their risk,* and that said butter was destroyed by fire within said thirty days, and while so in possession of defendants, then the loss must fall on them."

Here the court submits the question to the jury to find an executory contract of sale, when appellees had declared upon a *sale;* and to find terms to such contract, which there is no evidence tending to prove.

This case was not properly submitted to the jury, and the judgment must be reversed and the cause remanded.

*Judgment reversed.*