## B. R. MOSHER ET AL.

### v.

## STEPHEN ROGERS.

1. PROMISSORY NOTE—DEFENSE—EVIDENCE UNDER.—Appellants being sued upon a promissory note, pleaded; that in consideration of procuring appellee a certain situation, he agreed to receive in satisfaction of the note, shares of stock in the Enameling Co. and some lots then held by the Improvement Association; that the situation was procured, and the shares of stock and deed of the lots tendered to appellee. Issue was joined upon these pleas and upon the trial appellants offered evidence tending to show a chain of title from the government to the Improvement Association of the lots tendered, which evidence was excluded by the court. *Held*, that under the issues it became material for appellants to show a good title to the land in the Association, and the offered evidence should have been admitted.

2. RIGHT OF CORPORATION TO HOLD LAND.—*Held*, that the right of the Association to hold real estate being prohibited by statute, was one with which appellee had nothing to do, he having agreed to accept the lots of the Association it did not become him to dispute its right to make the conveyance.

APPEAL from the Circuit Court of La Salle county; the Hon.

JOSIAH McROBERTS, Judge, presiding. Opinion filed May 2, 1879.

Mr. E. F. BULL and Mr. A. W. HARD, for appellants; in support of the sufficiency of defendant's plea, cited Stricklin v. Cunningham, 58 Ill. 293; Gridley v. Bane, 57 Ill. 529; Young v. Ward, 21 Ill. 223; Easter v. Minard, 26 Ill. 494.

The evidence offered tended to support the issues formed under the pleadings, and should have been admitted: Davis v. Hoxey, 1 Scam. 406; Phelps v. Jenkins, 4 Scam. 48; Reese v. Henck, 14 Ill. 482; Smith v. Gillett, 50 Ill. 290; Seeley v. Porter, 53 Ill. 102; Crowley v. Crowley, 80 Ill. 469; Hugh v. Cook County Land Co. 73 Ill. 23.

Mr. G. S. ELDREDGE, for appellee; argued that the plea presented no defense to the note, and cited Neely v. Lewis, 5 Gilm. 31; Moss v. Riddle, 2 Pet. 277; Warrell v. Munn, 1 Seld. 229; Walker v. Crawford, 56 Ill. 445; Wimple v. Kesoph, 15 Minn. 440; Lane v. Sharpe, 3 Scam. 565; Wood v. Price, 46 Ill. 435; Emory v. Mohler, 69 Ill. 221; Merchants' Ins. Co. v. Morrison, 62 Ill. 242; Foy v. Blackstone, 31 Ill. 538; Snyder v. Griswold, 37 Ill. 216; Jones v. Albee, 70 Ill. 34; Conwell v. S. & N.W. R. R. Co. 81 Ill. 232; Mason v. Burton, 54 Ill. 350; Cease v. Cockle, 76 Ill. 484.

The Association had no authority to lay out and plat an addition to the village of Millington; it was *ultra vires*, and all executory contracts founded upon it necessarily void, and the plat was properly excluded: Carroll v. City of East St. Louis, 67 Ill. 568; Cin. Mut. Ins. Co. v. Rosenthal, 55 Ill. 85; Starkweather v. Am. Bible Soc. 72 Ill. 50; Bank of U. S. v. Owen, 2 Pet. 538.

If a part of the consideration be illegal, the entire contract is void: Henderson v. Palmer, 71 Ill. 579; Craft v. McConnoughy, 79 Ill. 346; Winston v. McFarland, 22 Ill. 38.

The statute limits the power of corporations; they can take nothing by implication: Charles River B. Co. v. Warner B. Co. 11 Pet. 543; Newhall v. Galena R. R. Co. 14 Ill. 273; Petersburgh v. Metzker, 21 Ill. 205; Penn. R. R. Co. v. Canal Com'rs,

21 Pa. St. 9; President, etc. v. McConnell, 12 Ill. 138; Cald-well v. City of Alton, 33 Ill. 416; Mix v. Ross, 57 Ill. 121.

All contracts to promote the exercise of unauthorized powers are void, as being against public policy: Miller v. Goodwin, 70 Ill. 659; City of Alton v. Ins. Co. 75 Ill. 566; People v. Dupuyt, 71 Ill. 651; Metropolitan Bank v. Godfrey, 23 Ill. 604; People v. Board of Trade, 45 Ill. 112; East Anglian R'y Co. v. Eastern Counties R'y Co. 7 Eng. L. 505; B. & O. R. R. Co. v. Wheeling, 13 Gratt. 75; Clark v. Farrington, 11 Wis. 323; Barret v. A. & S. R. R. Co. 13 Ill. 512; Bissell v. Mich. S. R. R. Co. 22 N. Y. 265; Bank of Peru v. Farnsworth, 18 Ill. 563.

SIBLEY, J. This suit was brought by Stephen Rogers against the appellants, upon a promissory note, as follows:

" $2,000.                    MILLINGTON, ILL., Dec. 13, 1875.

" One year after date, for value received, we promise to pay Stephen Rogers, or order, two thousand dollars, with interest at ten per cent. It is further agreed, that should the payee so elect, he may at any time within six months from date, by the delivery of this note, receive twenty shares of the stock of the Enameling Company of Chicago, now held by the Citizens' Improvement Association of Millington, together with one lot with each share as now given by said Association, said lots to be selected from the lots in said Association's addition to Millington, not now selected by other subscribers to stock.

" B. R. MOSHER,
" L. C. CARLOW,
" BIDDULPH & McMATH,
" S. POTTER,
" JOSEPH JACKSON,
" W. M. SWEETLAND,
" JOHN JONES."

The defendants in the court below filed several pleas. Demurrers were sustained to pleas two and three, and the defendants abided by them. To plea four the plaintiff replied severally, upon which issues were joined and a trial had that resulted in a verdict for the plaintiff, and damages assessed at $2,512.21. From the judgment rendered upon that verdict, the defendants appealed to this court.

No error having been assigned to the decision of the court sustaining the demurrers to pleas two and three, their sufficiency, therefore, cannot now be considered.

The refusal of the court to allow the defendants on the trial to refile the plea of general issue, after having been once withdrawn, even if assigned for error, was a matter of discretion, in the exercise of which no reason is perceived for interfering.

The remaining errors complained of (except that of overruling the motion for a new trial) relate to the refusal of the court to admit competent evidence offered by the defendants, and the final exclusion of all that had been admitted for them.

The fourth plea sets up that the only cause of action was the note described in the declaration. That the money for which the note was given was paid to and used by the Enameling Company, of Chicago, located at Millington, in the county of LaSalle, and no part of it received by, or appropriated for the benefit of the defendants, or either of them. That after the execution of the note the plaintiff agreed with the defendants, that if they would secure to him a situation in the Enameling Company at a salary of $1,500 a year, when the works of the company were completed, he would then take $2,000 in the capital stock of that company held by the Citizens' Improvement Association, of Millington, and one lot with each share of stock of $100 in the Association's addition to the town of Millington, in full satisfaction and discharge of the note declared on. That the defendants, acting upon this agreement, did afterward secure to the plaintiff the situation he desired; and when the works of the Enameling Company were finished, the plaintiff, pursuant to the arrangement, entered into the employment of the company at a salary fixed at $1,500 per year, and selected the lots in the addition laid off by the Improvement Association to the town of Millington, and agreed to surrender the note sued on, and take the stock in the Enameling Company. That the lots so selected had been held by the Improvement Association of Millington, for the plaintiff, together with $2,000 worth of stock in the Enameling Company, subject exclusively to his order and control, and by means of which arrangement the defendants were entitled to have their note surrendered and canceled.

Mosher et al. v. Rogers.

There were quite a number of replications filed to this plea, and it is proper here to remark, that if the plea was defective, as appellee now insists, he should have stood by his demurrer to it and not taken issue upon the facts alleged, for by so doing he waived any right to question its sufficiency.

After the introduction of considerable testimony tending to prove the agreement stated in the plea, the defendants offered in evidence a plat of an addition by the Improvement Association to the town of Millington, and proposed to follow up the evidence by showing a regular chain of conveyances from the government to the Improvement Association for the land covered by the plat, but the court refused to admit the evidence. We are at a loss to discover a sufficient reason for excluding this proof. Under the issues it became material for the defendants to show that the Citizens' Improvement Association possessed a title to the lots which it was alleged the plaintiff had agreed to take in part payment of the note, and why they were not permitted to prove that fact is not satisfactorily explained.

The idea suggested, that the Improvement Association being a corporation organized under the general law for the purpose of encouraging manufacturing interests, without any pecuniary profit, was dealing in real estate to a greater extent than authorized, is more plausible than sound.

For if the plaintiff had agreed to take these lots of the Improvement Association, and made the selection as stated in the plea, it did not become him to dispute its right to make the conveyance, since with a full knowledge of the Association's legal capacity to hold and convey real estate, he had agreed to take the lots in the Association's addition to the town of Milington, without any reservation as to its power to make a conveyance that would pass title. Besides, as the Association was authorized to hold real estate to a certain extent, if the fact as to whether it had exceeded the limits prescribed, could be inquired into upon a collateral proceeding (which is not conceded), the question should have been submitted to the jury upon proper instruction by the court.

As the evidence offered by the defendants tended to prove the issues formed by the parties, we are of opinion that the

court erred in not admitting the testimony so offered, as well as in excluding all that had been introduced from the consideration of the jury. Merricks v. Davis, 65 Ill. 319; Hutt v. Bruckman, 55 Ill. 441, and cases referred to upon this subject·

Judgment reversed and cause remanded.

Judgment reversed.