# H. F. VEHMEYER

## v.

## GEORGE EARL AND JOSEPH EARL.

*Sales—Quantity to be Ascertained—Whether Title Passes.*

1. Where a sale is agreed upon, the price fixed, the possession delivered and the quantity is yet to be ascertained, whether the title passes depends upon the intention of the parties as gathered from the contract, their acts and the attending circumstances.

2. In the case presented, it is *held:* That the evidence supports the finding that the parties intended that the title to the broom corn in question should pass to the vendee, although the weight was to be ascertained by the vendors or in their presence.

[Opinion filed May 18, 1887.]

APPEAL from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.

Statement by MORAN, J. The judgment from which this appeal is prosecuted was rendered in the court below upon a stipulation of facts as follows: "On the 30th day of December, 1885, the plaintiffs sold to the defendant four car loads of broom corn, then stored in the Continental Warehouse on Kinzie Street, in the City of Chicago, at the rate of $4\frac{1}{2}$ cents per pound. The plaintiffs held warehouse receipts issued by the warehouse company in the usual form of such receipts, which receipts were, on December 31, 1885, indorsed by the plaintiffs and delivered to the defendant. It was agreed that the defendant should take the broom corn away from the warehouse in which it was stored to his own place of business, and after he had so removed it it should be weighed by the plaintiffs or by some person in their presence, and upon the ascertainment of the weight the purchase price of $4\frac{3}{4}$ cents per pound was to be paid therefor forthwith.

It is further stipulated that the plaintiffs held policies of insurance which in terms provided that such insurance should

Vehmeyer v. Earl.

cover all broom corn in said warehouse whether owned by said plaintiffs or held by them on commission for others, or sold for them and not delivered.

It is further stipulated that three of the car loads of broom corn so sold were taken from said warehouse, weighed and paid for in accordance with the terms of said sale, and that the fourth one never was removed by said defendant but was, on the 12th day of January, 1886, destroyed by fire; that the weight of said car load of broom corn so destroyed by fire was 12,465 pounds. After the destruction of said broom corn by fire the plaintiffs sent for the defendant, who returned said warehouse receipts to them for the purpose of ascertaining whether anything could be obtained from the insurance company on account of said loss, and stated to the insurance company the circumstances of the sale to said defendant, and the insurance company denied liability therefor, and the plaintiffs have never received anything in the way of insurance upon said car load of broom corn, and returned the warehouse receipts to the defendant.

The face of the policies was sufficient to cover said loss if the companies were liable. In addition to the facts above stipulated it was proved by appellant that the receipt for the broom corn was handed to him by the agent of appellee who sold him the corn, and it was said to appellant that he was to take away the corn before the expiration of the warehouse receipt for the month, and he did so take away the other three cars. The month expired on January 14, 1886. Judgment for value of broom corn at agreed price.

Mr. James Frake, for appellant.

Messrs. Flower, Remy & Gregory, for appellees.

Moran, J. As between vendor and vendee the title of personal property passed upon the completion of the sale without any delivery. A sale of a specific article by weight, the price being agreed upon between the parties, may be a complete sale although the article has not been weighed, if the

parties intended it should be complete. O'Keefe v. Kellogg, 15 Ill. 347; Holliday v. Burgess, 34 Ill. 193.

Where, by the terms of the contract, anything remains to be done to complete it, such as ascertaining the quantity, the delivery of possession or the like, the title does not pass till the contract is thus completed. When the sale is agreed upon, the price fixed, the possession delivered and the quantity yet to be ascertained, whether the title will pass, and the contract be held complete, depends upon what shall be found to have been the intention of the parties as gathered from the contract itself, the acts of the parties and the attending circumstances. Seckel v. Scott, 66 Ill. 106.

In this case the trial court has found from the evidence that it was the intention of the parties that the title to the car load of broom corn about which the controversy has arisen should pass to appellant notwithstanding the weight thereof was to be ascertained by the appellees or in their presence. We should be authorized to reverse such finding only in case of its being manifestly against the evidence. We do not so regard it, but on the contrary, we think the finding clearly supported by the facts.

The vendor indorsed the warehouse receipts for the broom corn and delivered them to the vendee, and thus clothed him with the full *indicia* of ownership of the property and absolute dominion over it. The vendee had the right to let the broom corn remain in the warehouse during the month, but might have taken it to his own place of business whenever he saw fit. That it had to be weighed to ascertain how much should be paid for it is true, but it was to be weighed only to find the sum to be paid for it. It was not to be weighed for the purpose of identifying or ascertaining the property or to separate its quantity from other like articles. That it was to be weighed by the vendors or in their presence was manifestly for their protection or satisfaction as to the weight, and was not intended as of the nature of a condition necessary to precede the vesting of the property. The weighing was to be done after the broom corn had been taken from the warehouse by the vendee by authority of the warehouse receipts

which had been delivered to him, and after he had the actual possession of the broom corn itself at his place of business.

These circumstances are strong in support of the conclusion of the Superior Court, and there being no ground for reversal the judgment of said court must be affirmed.

*Affirmed.*