## H. L. Hollister, Appellee, v. Lyon & Healy, Appellant.

### Gen. No. 17,077.

1. Assumpsit—*common counts.* In an action of *assumpsit* on the common counts, where plaintiff returned a pianola to defendants with the understanding that he should receive credit for $250 on the purchase price of a piano which he was to get some time in the future, it is error to direct a verdict for plaintiff, since there could be no recovery on the common counts.

2. Assumpsit—*agreement not for payment of money. Indebitatus assumpsit* does not lie where the agreement is not for the payment of money, nor on an executory contract, nor for the nondelivery of goods.

Appeal from the Circuit Court of Cook county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed and remanded. Opinion filed March 4, 1913.

WILLIAM B. JARVIS, for appellant.

HARRIS F. WILLIAMS, for appellee; ELDON M. VOTAW, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

This was an action of *assumpsit* on the common counts. The only question that need be considered is whether, on the facts appearing in the record, plaintiff could recover on the common counts only.

Plaintiff claimed to have returned a pianola, previously bought of defendant, with the understanding that he was to be credited with $250 on a piano or orchestrelle which he was to get some time in the future—when he got into a new house he was building—and for which he was to pay $1,000. He called about three years afterwards and was unable to get any information about the matter from any one he consulted in defendant's store. Nothing more was done about the matter and he brought this action.

On evidence of such facts, the court directed a verdict for $250 and accrued interest.

There was no agreement to pay him money, but simply to give credit for $250 on condition of a sale of either a piano or an orchestrelle, or on a sale that was executory, or where delivery must be made in the future. Under any theory he could not recover on the common counts. *Indebitatus assumpsit* will not lie where the agreement is not for the payment of money but for the doing of some other thing; (Meyers v. Schemp, 67 Ill. 469); nor on an executory contract (Cast v. Roff, 26 Ill. 453); nor for the nondelivery of goods (Seckel v. Scott, 66 Ill. 106). In such cases the party must declare secially on the contract.

Assuming that plaintiff had taken the necessary steps to perfect a cause of action, it nevertheless was one for unliquidated damages of which there was no proof.

The court erred in directing a verdict and denying the motion in arrest of judgment. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*