(No. 12917.—Judgment affirmed.)

THE PILSEN BREWING COMPANY, Appellant, *vs.* WILLIAM
WALLACE, Appellee.

*Opinion filed December 17, 1919—Rehearing denied Feb. 4, 1920.*

1. CORPORATIONS—*when section 18 of Corporations act does not apply.* The personal liability declared by section 18 of the general Corporations act is incurred only by failure to comply with the provisions of that act, and said section does not apply where there has been an attempt to change the name of a corporation without complying with the requirements of another statute.

2. SAME—*a firm which is not corporate is a partnership.* A commercial company which is not a corporate body is a partnership composed of the officers and subscribers to the articles of association.

3. SAME—*a corporation cannot change its name except as authorized by law.* A corporation cannot, except as authorized by law, change its name, either directly or by user, but if a corporation acts by a wrong name it will not be permitted to avail itself of its own wrong after receiving the consideration.

4. SAME—*ineffectual attempt to change name of a corporation does not render officers liable as partners.* Where an attempt has been made to change the name of a corporation but the change has not been filed in the office of the Secretary of State nor recorded in the recorder's office, there has, in fact, been no change in the name of the corporation, and the officers cannot be held personally liable on a contract entered into under the new name where the corporation continues in the same business, with the same stockholders, officers and agents as before.

APPEAL from the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. MARTIN M. GRIDLEY, Judge, presiding.

VINCENT D. WYMAN, HARRY C. KINNE, and CHARLES E. CARPENTER, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit was begun in the superior court of Cook county by the Pilsen Brewing Company, the appellant, against William Wallace, the appellee, and R. D. Beaird. The declaration was the common counts in assumpsit and a special count averring that Wallace was president and Beaird secretary of a pretended stock corporation known as the Chicago Grains and Feed Company, and on October 1, 1912, they entered into a contract with plaintiff, in the name of the pretended corporation, to purchase brewers' wet grains, but no charter to conduct said pretended corporation was ever issued by the Secretary of State or filed for record in the office of the recorder of deeds of Cook county, where the principal office of the pretended corporation was located; that the plaintiff delivered to said corporation 10,000 tons of wet grains of the value of $5000, and by means of the premises and the statute the defendants became liable to pay said amount to the plaintiff. Wallace, only, was served with process and he appeared and pleaded the general issue. A jury was waived and the cause was tried by the court upon a stipulation of the facts. The court found for the defendant and entered judgment against the plaintiff for costs. On appeal to the Appellate Court for the First District the judgment·was affirmed, and that court granted a certificate of importance and an appeal to this court.

The Farmers Grain and Feed Company was incorporated under the Illinois statute with a capital stock of $150,000. On May 26, 1911, the stockholders adopted a resolution increasing the capital stock to $200,000 but never filed any certificate of the increase in the office of the Secretary of State or the recorder of deeds of Cook county. On June 18, 1912, the stockholders adopted a resolution to change the name of the corporation to Chicago Grains and Feed Company. No certificate of a change of name

was made or filed in the office of the Secretary of State or in the recorder's office of Cook county but the corporation and its officers thereafter did business under the new name. Wallace was a stockholder, owning 1336 shares of the capital stock of the par value of $100 each, and was president, director and acting manager of the corporation until June 10, 1913, when he resigned as president and director. On October 1, 1912, a contract signed by Beaird as secretary, with the knowledge and consent of Wallace, was made with the plaintiff in the name of the Chicago Grains and Feed Company for brewers' wet grains, and such grains were delivered under the contract to the amount of $4476.80. The plaintiff had no knowledge as to the steps taken for changing the name of the corporation. On September 5, 1913, an involuntary petition in bankruptcy was filed against the Chicago Grains and Feed Company and it was adjudicated a bankrupt, and plaintiff filed its claim in the bankruptcy proceeding and received a dividend of five per cent.

The declaration stated a cause of action under section 18 of the act concerning corporations on account of a failure to comply with provisions of that act, but the evidence did not establish a liability under that section. It provides that if any person or persons being or pretending to be an officer or agent or board of directors of any stock corporation or pretended stock corporation shall assume to exercise corporate powers or use the name of any such corporation or pretended corporation without complying with the provisions of that act before all stock named in the articles of corporation shall be subscribed in good faith, they shall be jointly and severally liable for all debts and liabilities made by them and contracted in the name of such corporation or pretended corporation. The liability declared by that section is incurred only by a failure to comply with the provisions of that act, and as it does not make any provision for the change of name of a corporation and there was no

failure to comply with its terms in the organization of the Farmers Grain and Feed Company, the defendant did not become liable by virtue of that section. If a liability existed it was not statutory but arose from a failure to comply with the provisions of another act authorizing changing the names of corporations, which contains no similar provision. If there was a liability it rested upon the rule of law that when individuals act under a corporate form and in a corporate name when there is, in fact, no corporation, they have not thereby absolved themselves from personal liability and are liable as partners. Independently of section 18, a company which is not a corporate body is a partnership composed of the officers and subscribers to the articles of association. *Bigelow* v. *Gregory,* 73 Ill. 197; *Loverin* v. *McLaughlin,* 161 id. 417; *Ryerson & Son* v. *Shaw,* 277 id. 524.

The act concerning corporations, under which the Farmers Grain and Feed Company was organized, provides that persons proposing to form a corporation under the act shall make a statement setting forth, with other things, the name of the proposed corporation, and the name so fixed is an essential part of the corporate existence. A corporation has no right or power, of itself, to change or alter the name originally selected by it without complying with such form of proceeding as may be prescribed by law. (7 R. C. L. 128.) A corporation cannot, except as authorized by law, change its name, either directly or by user, but if a corporation acts by a wrong name it will not be permitted to avail itself of its own wrong after receiving the consideration. (*Sykes* v. *People,* 132 Ill. 32.) The name of the corporation the Farmers Grain and Feed Company was not changed, but its business was continued by the same officers under the new name on the assumption that a change had been made. There may be circumstances perhaps justifying a conclusion that a change of name amounts to a destruction of the corporation. It was held in *Cincinnati Cooper-*

*age Co.* v. *Bate,* 96 Ky. 356, that an unauthorized change of name under the circumstances of that case was an abandonment not only of the corporate name but of the corporation itself, and that an attempted substitution of a new name made the members of the corporation liable as partners under contracts entered into in the substituted name. Individuals had acquired the entire stock of a corporation and without taking any legal steps changed the name of the corporation to the names of the individuals and by the substituted name accepted a draft, and it was held that the effect of the change of the name was an abandonment of both the corporate name and the corporation. That case was so different in its facts as to have no legitimate bearing on this case, in which there was an abortive attempt to change the name of the corporation as authorized by the statute. The law was complied with so far as the resolution of the stockholders was concerned, and the only failure to complete the change was in not having the change filed in the office of the Secretary of State and recorded in the recorder's office. For that failure the name was not, in fact, changed, and the original corporation continued without any change of name and carried on business as before, under an unauthorized name. If the corporation was liable on the contract the defendant was not. If there had been an actual change of name it would not have affected in any manner the identity of the corporation or added to or detracted from its rights or obligations.

In *President and Trustees of Mount Palatine Academy* v. *Kleinschnitz,* 28 Ill. 133, the Mount Palatine Academy was incorporated and land was conveyed to it. Afterward, in 1851, the act of incorporation was amended by including in the corporation a college by the name and title of Judson College, which amounted to a change of name of the corporation. The court said that if in strictness of law there were two corporations in name there was but one in fact, and that was the old one, and if all the acts done under

the name of Judson College were the acts of the old corporation under a new name, then the note and trust deed in question in the case were executed by the old corporation under the new name and it should be as much bound by it as if it had been done under the proper legal name. The court likened the case to a change of name by an individual, and said that if an individual should change his name without authority of law, or even against law, and give notes and execute deeds, they would be obligatory upon him and as effective in law as if all had been done in his proper name. The Farmers Grain and Feed Company continued in existence with the same stockholders, officers and agents and carried on the same business as before but under an unauthorized name. It was not relieved from liability on the contracts made in the name of the Chicago Grains and Feed Company, and that being so, the defendant was not liable.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*