(Nos. 18034-18035.—Reversed and remanded.)

The National Cash Register Company, Defendant in Error, *vs.* The Clyde W. Riley Advertising System *et al.* Plaintiffs in Error.

*Opinion filed February 24, 1928—Rehearing denied April 6, 1928.*

1. Actions and defenses—*burden is on plaintiff in action to try right of property.* In an action to try the right of property the burden is on the plaintiff to show a superior lien, and where the plaintiff's case rests solely on the construction of instruments in evidence which fail to prove his claim of a superior lien the judgment should be for the defendant.

2. Mortgages—*chattel mortgages will be strictly construed.* Chattel mortgages, being in derogation of the common law, must be strictly construed, and the holder of a mortgage who seeks to establish a prior lien as against a judgment creditor must prove that it complies with all the technical requirements of the statute in regard to its execution and acknowledgment, as the mortgage is void as against third persons unless the statute is strictly complied with, even though such third persons may have notice of its existence.

3. Same—*when holder of chattel mortgage fails to establish prior lien as against judgment creditors.* In an action by the holder of chattel mortgages to try the right of property as against judgment creditors, the plaintiff fails to establish his case where the instruments relied upon appear to be signed not by the debtor individually but by a corporation, with the debtor's name beneath as acting for the corporation, and where no other evidence is introduced to show that the debtor is the mortgagor, personally, and that the name signed to the notes and mortgages was not that of a corporation but merely the name under which the debtor was doing business.

4. Corporations—*abbreviation "Inc." after a name does not raise presumption of fact that it is name of a corporation.* The purpose of section 24 of the Corporation act, requiring that the word "incorporated" shall follow the name of an individual adopted as that of a corporation, is to prevent the use by a corporation of a name that does not indicate that it is, in fact, the name of a corporation; but it does not necessarily follow that by the use of the abbreviation "Inc." in connection with the name of a person a presumption of fact is raised that the name used is that of a corporation, and it may be shown to be the name under which a person is doing business individually.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. PHILIP J. FINNEGAN, Judge, presiding.

WILLIAM R. WILEY, for plaintiffs in error.

MEADS & SCOTT, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This consolidated cause comes here on writ of *certiorari* to review the judgment of the Appellate Court affirming the judgment of the municipal court of Chicago in a case of the trial of right of property under the statute. The Riley Advertising System secured a judgment against Charles Weeghman and levied on two cash registers in the possession of Weeghman. The defendant in error sought a trial of the right of property under claim of a superior lien arising out of a chattel mortgage covering the cash registers. There were two suits of this character and the property involved in each was two cash registers. The causes were consolidated for hearing, and subsequently, on review, consolidated for hearing in the Appellate Court and in this court.

The lien claimed by the defendant in error is based on two mortgages covering the four cash registers involved. The plaintiffs in error claim that the mortgages were defectively executed and acknowledged and did not comply with the statute of the State of Illinois relating to chattel mortgages, and that while as between the parties thereto they might be valid, they are void as against judgment creditors of Weeghman.

It appears that on or about May 18, 1925, a written order for three cash registers was given defendant in error, signed, "Carol's Inc., by Chas. Weeghman." This order directed that the National Cash Register Company deliver

the three cash registers, described the machines and prescribed the terms of payment. It provided that a chattel mortgage should be entered into to assure the payment of the purchase price. At the lower left-hand corner of the order appears the direction to print the purchaser's name plainly thereon. This was followed by the printed words, "Carol's Inc." The order was a printed form evidently used by defendant in error in its business of selling cash registers. On May 28, 1925, another order for one cash register was made, executed and signed as the first. Both orders are alike in all respects as to signature and provisions, except as to the descriptions of the cash registers and amount of payments. Thereafter, on the 27th day of July, 1925, the following instrument was entered into:

*"Know all men by these presents:* That Carol's Inc., (business, luncheonette, 17 S. Dearborn street, Chicago, Illinois,) in consideration of $1200 to him paid by the National Cash Register Company, a corporation of Dayton, Ohio, does hereby sell and convey to the National Cash Register Company, its successors and assigns, three National cash registers, [numbering and describing them,] and said mortgagor does warrant that he is the owner of said registers and that it is free and clear of incumbrances. Provided, nevertheless, if said mortgagor shall pay to said mortgagee his note dated 7/27/1925 for $1200, payable in 15 payments of $75, one of $74, due one each month after date, respectively, and for the payment of one dollar due two years after date, or any note given in renewal of the same, then this mortgage shall be void."

Thereafter said instrument contains the usual language of such instruments permitting the mortgagor to retain possession of the property and providing for further security in case the mortgagee requires. The signature to this instrument is as follows:

"Signed this 27th day of July, 1925.

CAROL'S INC. (Seal)
CHAS. WEEGHMAN."

The word "seal" was a part of the printed form used. Appearing on this instrument was the following acknowledgment: "This mortgage was acknowledged before me by

the within named Carol's Inc. by G. C. Miller, his, Chas. Weeghman, attorney in fact for all purposes named in said instrument, and entered by me this day of July 30, 1925." The acknowledgment was sealed with the seal of the municipal court of Chicago and signed by the clerk thereof. A power of attorney was entered into in the following language:

"I, Carol's Inc., Chas. H. Weeghman, the mortgagor, do hereby make, constitute and appoint G. C. Miller my attorney in fact, to appear for me and in my behalf before James A. Kearns, clerk of the municipal court of Chicago, and acknowledge the execution of the within instrument in my name and for me for all purposes as I might do, with the same force and effect.

"Given under my hand and seal the 27th day of July, A. D. 1925."

This was signed, "Carol's Inc. (Seal)" Beneath that name appears the word "Mortgagor," and beneath that word, "Chas. Weeghman."

In the acknowledgment to this execution of power of attorney the notary public certifies that "Carol's Inc. Chas. Weeghman, personally known to me to be the same person whose name is subscribed to the foregoing instrument authorizing the acknowledgment of the foregoing mortgage by an attorney in fact, appeared before me this day in person and acknowledged that he signed, sealed and delivered said instrument as his free and voluntary act for the uses and purposes therein set forth." The chattel mortgage as to the fourth cash register was identical, except as to date and description of the machine. The promissory note used in each case in connection with the chattel mortgage first given was as follows:

"For value received.....promise to pay to the order of the National Cash Register Company, at Dayton, Ohio, $1200 in..... payments, payable as below.    Sign here: CAROL's INC.
                                        By Chas. Weeghman.
"This note is secured by chattel mortgage.

"Notice to Agents: Print name of customer plainly on this line."

On the line referred to was printed, "Carol's Inc. No. 17 S. Dearborn St., Chicago, Ill."

Plaintiffs in error contend that these orders, chattel mortgages and notes indicate that Weeghman was not purchasing the cash registers as an individual and did not execute the notes and mortgages in that capacity, and that by the use of the letters "Inc.," constituting an abbreviation of the word "incorporated," the instruments must be construed as those of a corporation; that as such they were invalid, as not being in the form or having the acknowledgment required by the statute. The defendant in error contends that the record shows that the cash registers were purchased by Weeghman individually, and that the orders, notes and mortgages were so given.

This is an action to try rights of property. The burden is upon defendant in error, as plaintiff in that action, to show a superior lien. Its claim is based on the instruments hereinbefore described. Chattel mortgages are in derogation of the common law and must be strictly construed. (*Lyons* v. *People's Bank,* 317 Ill. 44; *Kimball Co.* v. *Polakow,* 268 id. 344.) In order that a chattel mortgage be established as a prior lien as against judgment creditors, the holder of such chattel mortgage must prove that it complies with all the technical requirements of the statute. (*Talty* v. *Schoenholz,* 323 Ill. 232; *Lyons* v. *People's Bank, supra.*) Unless such chattel mortgage is executed and acknowledged in strict compliance with the statute it is void as to third persons even though they may have notice of the existence of it. (*Blatchford* v. *Boyden,* 122 Ill. 657; *Frank* v. *Miner,* 50 id. 444.) It will be borne in mind that the issue in this case is not whether defendant in error has a lien against Weeghman as between them, but whether its lien was prior to the judgment lien of the Riley Advertising System. The latter's judgment is against Weeghman personally, and in order to establish the priority of a lien existing in the chattel mortgages it must be

shown that they were, in fact, valid mortgages executed by Weeghman personally. It will be noted that neither the orders, notes nor mortgages recite that they are executed or acknowledged by Weeghman doing business under the name and style of Carol's Inc., but the order for the machines, and the notes signed therefor, are signed, "Carol's Inc. by Chas. Weeghman," and on the line designated as the purchaser's name, in each appear the words, "Carol's Inc." The chattel mortgages recite in the first sentence, "That Carol's Inc. (business, luncheonette, 17 S. Dearborn street, Chicago, Illinois,) in consideration of $1200 to him paid," etc. These instruments are signed, "Carol's Inc. Chas. Weeghman." The acknowledgments are signed, "Carol's Inc. by G. C. Miller, his, Charles Weeghman, attorney in fact."

William S. Andrews, a salesman and witness for defendant in error, was asked on the trial, "Did you have any conversation with him [Weeghman] regarding Carol's Inc.?" He answered, "Yes." Counsel said, "Tell the court what he said." The witness replied, "I asked him where he got the name of Carol's Inc., and he said that is his wife's first name and that is why he called it Carol's." This cannot be construed as evidence that Weeghman was personally conducting the business under the name and style "Carol's Inc." but would as readily admit of the construction that "it" related to a corporation.

Since no evidence was offered by plaintiffs in error on the trial, the question whether defendant in error had maintained the burden resting on it to prove its claim of prior lien depends on the construction of the instruments in evidence. This is a question of law. If the evidence fails to prove plaintiff's case the judgment should be for defendants. (*Merricks* v. *Davis,* 65 Ill. 319; *Dexter* v. *Parkins,* 22 id. 143; *Marshall* v. *Cunningham,* 13 id. 20.) While in the body of some of the instruments in evidence such language is used as, "his free and voluntary act," "said

mortgagor does warrant that he is the owner of said registers," etc., and in the power of attorney the language "G. C. Miller, my attorney in fact to appear for me and in my behalf," etc., is used, yet it does not clearly appear that the instruments were executed as the personal instruments of Charles Weeghman. The name of the purchaser of the machines is indicated as "Carol's Inc."

Counsel for plaintiffs in error urges that the word "incorporated," or an abbreviation thereof, when used in the name of a business, raises the presumption that it is the name of a corporation, and in support of this argument calls attention to section 24 of the Corporation act, (Cahill's Stat. 1927, p. 646,) which provides as follows: "The name of a proposed corporation shall indicate that it is a corporation, but the name of a natural person or co-partnership may be assumed when, as a part of the corporate name the word 'corporation,' 'incorporated,' 'limited' or the abbreviations thereof, is added." This section prescribes certain requirements applicable to the selection of a corporate name by those desiring to form a corporation, and permits the use of the name of an individual when such name is enlarged as indicated. The purpose of such statute is to prevent the use by a corporation of merely the name of an individual, or other name that does not indicate that it is, in fact, a corporation. It does not necessarily follow, however, that by the use of such term in connection with the name of a person a presumption of fact that the name used is that of a corporation is raised. It may be said to be evidence, though slight, that the business conducted under such a name is not conducted by an individual. The customary way to designate the business of an individual who desires to use terms applicable to corporations is to designate that such individual is doing business under that name, as, for example, "Charles Weeghman, doing business as Carol's Inc." The instruments in this case were carelessly drawn and the record is not clear as to the capacity

in which the instruments were executed by Weeghman. There is nothing in the evidence which clearly shows whether Weeghman was conducting the business as an individual or whether the name "Carol's Inc." was that of a corporation. The burden rested on defendant in error to prove that Carol's Inc. was, in fact, Weeghman. Though this would seem to be a fact easy to prove if true, the record does not show that defendant in error has sustained the burden of proof cast upon it to do so.

It was error for the municipal court to find that the right of property in the machines was in defendant in error. It therefore erred in entering judgment for defendant in error and the Appellate Court erred in affirming that judgment.

The judgments of the Appellate Court and the municipal court are reversed and the cause is remanded to the municipal court.

*Reversed and remanded.*