## L. B. Maxwell, Appellee, v. The Eureka Mutual Benefit Corporation, Appellant.

Opin-

ion filed June 4, 1931.

JOHN J. BAKER and WHEELER & OEHMKE, for appellant.

JONAS & BRANSON, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The Eureka Mutual Benefit Corporation issued a certificate of insurance to James Maxwell on September 11, 1925, in which appellee, a son of the insured, was named as beneficiary. The insurer was incorporated on May 25, 1925, under section 29 of the Corporation Act of 1872, Cahill's St. 1925, ch. 32, ¶ 159. In 1927 that statute was so amended that the insurer could only retain its corporate existence for six months after·July 1, 1927, for the sole purpose of winding up its business or reincorporating under some Act, the enforcement of which would come within the jurisdiction of the department of trade and commerce. In 1927, the legislature passed another Act for the incorporation of Mutual Benefit Associations, Cahill's St. ch. 73, ¶ 435 (1) *et seq.*, under which the insurer was authorized to reincorporate. It did reincorporate, under the same name, on August 29, 1927.

On May 8, 1928, the officers of the reincorporated association procured a charter for a new corporation under the name "The Eureka Mutual Benefit Corporation # 2." On May 24, 1928, the insured made application to The Eureka Mutual Benefit Corporation for a certificate of insurance and on the same day a certificate was issued to him for the sum of $800. We think it fair to assume that the officers of the association, in the organization of the new corporation, were seeking to reduce the liability and to procure contracts of insurance more favorable to the association.

The insured died April 25, 1929, and appellee sued to recover on the thousand-dollar certificate of insurance. The suit was brought against appellant and not against The Eureka Mutual Benefit Corporation # 2. Appellant filed the general issue with notice of special matters of defense. The case was tried before the court, without a jury, and appellee recovered a judgment for $800.

Appellant tried the case as if it were sued as The Eureka Mutual Benefit Corporation # 2 and contends

that as it was not organized until May 8, 1928, it could not be held liable for the amount of the policy issued on September 11, 1925. Appellant claims that as a new certificate was issued to the insured on May 24, 1928, on his application, there was no other contract of insurance; that the insured in that application made false answers as to the condition of his health and that by reason thereof appellee was not entitled to recover more than $160. No claim was made that the insured made false answers in his application for the thousand-dollar certificate.

The reincorporated association became liable upon all outstanding certificates of insurance. *Jones v. Loaleen Mut. Benefit Ass'n,* 255 Ill. App. 170. Appellant argues that the declaration is so defective that it will not support the judgment. That question could have been presented to this court by a proper assignment of error even though a demurrer to the declaration was overruled and appellant had pleaded to the merits. *Chicago, R. I. & P. Ry. Co. v. People,* 217 Ill. 164; *People v. Wallace,* 316 Ill. 120–122. No such error has been assigned and the question as to the sufficiency of the declaration to support the judgment is not open for our consideration.

Appellant contends that the reincorporated association went out of business on May 1, 1928, and that it had no members after that date. It is contended that the said association was abandoned at that time. The undisputed evidence shows that while new forms of applications and certificates were prepared, at or about that time, the name of the association printed therein was that of The Eureka Mutual Benefit Corporation, and not the name of the alleged new corporation formed May 8, 1928. There is really no evidence, worthy of mention, to the effect that the name of the new corporation was ever used in the transaction of any business. A corporation has no right or power of itself to change or alter the name originally selected

by it without recourse to such formal proceedings as are prescribed by law. And it has been held that the unauthorized change of name is an abandonment, not only of the corporate name, but of the corporation itself. The identity of the creature authorized by the statute to do business is destroyed. 7 R. C. L. 128.

After the new charter was granted death and expense calls were made in the name of the reincorporated association and not in the name of the new corporation. In our opinion the new corporation was abandoned and never really existed otherwise than as an unaccepted charter. It was simply a paper existence. Appellant insists that to be consistent the trial court should have rendered judgment for $1,000 instead of $800. We agree with this contention and the judgment will be reversed and a judgment will be rendered in this court in favor of appellee and against appellant in the sum of $1,100, which includes interest. Appellant will also pay the costs in this court and in the trial court.

*Judgment reversed and judgment entered here.*