JOHN N. PRZYBYL, Plaintiff-Appellant, *v.* CHELSEA MOTOR INN *et al.*, Defendants-Appellees.

First District (1st Division)   No. 81-46

Opinion filed April 19, 1982.

P. Scott Polisky, of Burditt and Calkins, of Chicago, for appellant.

David M. Zerante, of Serpico, Novelle, Dvorak & Navigato, Ltd., of Chicago, for appellees.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, John N. Przybyl, instituted this action against Chelsea Motor Inn, George Samatas and William Dimas under a theory of *respondeat superior* for injuries arising out of an automobile accident involving an employee of Chelsea Motor Inn. Defendants Samatas and Dimas filed a motion to dismiss them as defendants from this lawsuit alleging that they are shareholders of Acme Corporation, an Illinois corporation which owned and operated Chelsea Motor Inn, and as such are not personally liable for the alleged negligence of a corporate employee. The trial court granted defendants' motion to dismiss and plaintiff appeals. The issue presented on appeal is whether a corporation's unauthorized use of an assumed name will result in personal liability of the shareholders for the alleged negligence of a corporate employee.

For the reasons set forth herein, we affirm.

The record discloses that plaintiff seeks to recover damages for personal injuries resulting from the alleged negligent operation of an automobile by an employee of Chelsea Motor Inn, one Nexibuden Sejdini, who was not made a party to this action. Plaintiff attached to his complaint an affidavit by Sejdini in which Sejdini stated that he worked for Chelsea and that he believed that Samatas owned Chelsea. Prior to filing their motion to dismiss, defendants Samatas and Dimas informed plaintiff that they were shareholders of Acme Corporation which owned and operated Chelsea Motor Inn at the time of the accident and that they personally did not employ Sejdini. The trial court allowed plaintiff to add Acme Corporation as a defendant.

The record also reveals that Acme never registered the assumed name "Chelsea Motor Inn" with the office of the county clerk, nor did Acme file the appropriate documents with the Secretary of State to change its corporate name to "Chelsea Motor Inn." At the time that this cause of action arose, a corporation which advertised its business under any name other than its corporate name or a name it was authorized to use by law was subject to criminal sanctions. Ill. Rev. Stat. 1977, ch. 32, par. 211.1.

At the hearing on the motion to dismiss, and again before this court, plaintiff contends that Acme Corporation's use of an unauthorized assumed name, which caused plaintiff's inability to identify the entity that in fact own and operate the business of Chelsea, should result in its shareholders being held personally liable for the tortious acts of a corporate employee. Plaintiff relies upon *Maxwell v. Eureka Mutual Benefit Corp.* (1931), 262 Ill. App. 342, for the proposition that the use of an unauthorized assumed name by a corporation constitutes abandonment, not only of the corporate name, but also of the corporate status. Plaintiff also argues that in *Anzalone v. Durchslag* (1971), 1 Ill. App. 3d 125, 273 N.E.2d

752, the transaction of business under an unauthorized assumed name led the court to pierce the corporate veil and hold the shareholders personally liable for corporate debts.

Defendants Samatas and Dimas urge that the granting of their motion to dismiss was proper since a shareholder of a corporation is insulated from personal liability for the tortious acts of the corporation and its employees in which he does not participate. (*Fure v. Sherman Hospital* (1977), 55 Ill. App. 3d 572, 371 N.E.2d 143.) They contend that under *Pilsen Brewing Co. v. Wallace* (1919), 291 Ill. 59, 125 N.E. 714, the use of an unauthorized assumed name, though illegal, will not subject the shareholders to personal liability when fraudulent intentions or consequences are not attendant. Defendants argue that *Maxwell* and *Anzalone* can be distinguished on the facts and do not support the extension of liability to shareholders in the situation at bar. We agree.

In *Maxwell*, the defendant corporation attempted to avoid its contractual obligations to plaintiff by claiming that it had procured a new charter under a new name and, therefore, was not the same corporation. It never had used the new name, however, and had continued to use the old name in all of its business transactions. The court held that the new corporation was abandoned and had no more than a paper existence as an unaccepted charter.

In *Anzalone* the court found that the defendants had led the plaintiff to believe that they were forming a new company or a new partnership. In fact, the new business was only a subsidiary of a corporation with whom the plaintiff previously had dealt. The plaintiff had known the defendants for 25 years and made substantial sales on credit to the new company. The court held the defendants as partners liable for the new business debts, rather than the parent corporation, because the evidence showed that the plaintiff extended credit to the new business in reliance upon the defendants' representations that they were involved with this new entity.

Neither *Maxwell* nor *Anzalone* support plaintiff's argument that a corporation's use of an unauthorized assumed name results in shareholder liability for the alleged negligence of a corporate employee in the operation of an automobile. Moreover, plaintiff has not cited any additional authority to support his claims. A shareholder is not vicariously liable for the negligence of a corporate employee (*Fure v. Sherman Hospital*), and plaintiff has not alleged any fraud or misrepresentation by defendants which would create an exception to this basic rule of corporate law.

For the reasons expressed, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

GOLDBERG and O'CONNOR, JJ., concur.