CLAUD THOMPSON, d/b/a C & D Corporation, Plaintiff-Appellant, v. PATRICK CADILLAC *et al.*, Defendants-Appellees.

Second District   No. 2—88—0968

Opinion filed August 15, 1989.—Rehearing denied September 20, 1989.

Maureen H. Flaherty, of Lehrer, Flaherty & Canavan, of Wheaton, for appellant.

Andrew J. Katlin, of Rosenthal & Schanfield, of Chicago, for appellee Patrick Cadillac.

Michael J. Daley, of Nisen & Elliott, of Chicago, for appellee David Hoffman.

JUSTICE NASH delivered the opinion of the court:

Plaintiff, Claud Thompson, d/b/a C & D Corporation, appeals from a summary judgment entered in favor of defendants, Patrick Cadillac, David Hoffman, and Greater Chicago Auto Auction, Inc., contending that the trial court erred when it found that plaintiff did not have

standing to sue because C & D Corporation was not incorporated under the Business Corporation Act of 1983 (see Ill. Rev. Stat. 1987, ch. 32, par. 1.01 *et seq.*). We reverse and remand.

In November 1983, plaintiff purchased a 1981 Cadillac from defendant Patrick Cadillac Company, which had purchased the car from defendants David Hoffman and Greater Chicago Auto Auction, Inc. (Greater Chicago). At the time of purchase plaintiff received an odometer statement which certified that the car had been driven 34,145 miles. The sales agreement identified the purchaser as "C & D Corp DBA Jo Ann's Bakery," and the transferee listed on the odometer statement and automobile title and registration was C & D Corp. The car was paid for by a check drawn on the account of "C & D Corp. D.B.A. Joann's Bakery." All transaction documents were signed by plaintiff as Claud Thompson and the record also shows that his C & D Corporation was the owner of Jo Ann's Bakery. In November 1984, the odometer records section of the Michigan Department of State notified plaintiff that the odometer on the Cadillac might have been tampered with as their records showed that the car had 87,000 miles on it at the time of its transfer to plaintiff. On December 30, 1985, plaintiff notified Patrick Cadillac that he was revoking his acceptance of the vehicle, and he demanded the return of the full purchase price of the car, incidental costs, and attorney fees. Defendant Patrick Cadillac refused the revocation.

Plaintiff filed a five-count complaint seeking a judicial revocation of the contract; damages for violation of the Illinois Vehicle Title and Registration Law (Ill. Rev. Stat. 1987, ch. 95½, par. 3—112.1), the Motor Vehicle Information and Cost Savings Act (15 U.S.C. §1987 (1982)), and "An Act to protect consumers and borrowers and businessmen against fraud, unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce ***" (Ill. Rev. Stat. 1987, ch. 121½, par. 261 *et seq.*); and damages for fraud. The complaint alleged, *inter alia*, that plaintiff Claud Thompson, d/b/a C & D Corporation, is an individual plaintiff, and that plaintiff C & D Corporation is an Illinois corporation solely owned by Claud Thompson. Defendant Patrick Cadillac admitted this allegation in its answer, and, as to the counts pertaining to defendants Hoffman and Greater Chicago, those defendants answered that, because this allegation did not refer to or concern David Hoffman or Greater Chicago Auto Auction, Inc., defendants need not, and do not, answer it.

Defendant Patrick Cadillac moved for summary judgment pursuant to section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat.

1987, ch. 110, par. 2—1005) alleging that neither C & D Corporation nor Jo Ann's Bakery had capacity to sue because a corporate plaintiff cannot maintain a civil action unless it is authorized to do business in Illinois and has paid all franchise taxes and other fees due to the State of Illinois; that Claud Thompson's use of the name C & D Corporation would violate section 220 of the Business Corporation Act (Ill. Rev. Stat. 1987, ch. 32, par. 211.1) and section 1 of "An Act in relation to the use of an assumed name in the conduct or transaction of business in this State" (Assumed Name Act) (Ill. Rev. Stat. 1987, ch. 96, par. 4); that Claud Thompson did not have standing to sue because he had no legal or equitable right, title, or interest in the subject matter of the controversy; and that the suit was barred by *laches*.

Defendants Hoffman and Greater Chicago also moved for summary judgment raising, *inter alia*, as an additional basis that there was no evidence that defendants Hoffman and Greater Chicago intended to defraud plaintiff.

The trial court granted defendants' motions for summary judgment, stating:

> "The attack on the motion for summary judgment is a three-prong attack by both parties. Okay. You've got capacity to sue, question of intent and the question of delay. I am most troubled by the capacity to sue, standing to sue.
>
> * * *
>
> I don't have to consider intent; I don't have to consider Statute of Limitations; I don't have to consider laches.
>
> * * *
>
> Motion is granted on that basis [capacity and standing to sue]. That's the determining fact, in my opinion. *** I'm not so sure that the question of laches applies; I'm not so sure about this intent, but I think that is determinative of whether or not you can proceed in this case."

Plaintiff appeals, contending that the trial court erred in granting defendants' motions for summary judgment as a matter of law on the ground that plaintiff had no capacity to sue because of his failure to incorporate under the Business Corporation Act and his failure to register under the Assumed Name Act. In the defendants' joint brief, they also argue that the trial court's summary judgment should be affirmed because the plaintiff's claim is barred by *laches*; that the evidence did not show that defendants intended to defraud plaintiff; and that Claud Thompson lacked standing to sue based on the doctrine of judicial estoppel because he represented, at the time he purchased the car and at his deposition, that C & D Corporation was an Illinois cor-

poration. Plaintiff did not file a reply brief addressing the issues raised by defendants that they did not intend to defraud plaintiff or that *laches* barred plaintiff's claim, but has filed a motion to strike these issues because the trial court did not consider them and defendants did not file a cross-appeal raising these issues. Plaintiff's motion, which was ordered taken with the case, also requests leave to file *instanter* a late reply brief.

■ We grant plaintiff's motion to strike the additional issues raised in defendants' brief on appeal and allow plaintiff leave to file a late reply brief. The sole basis upon which the trial court entered summary judgment was that plaintiff did not have standing to sue, which is a ground for dismissal under section 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)). (See *In re Custody of McCarthy* (1987), 157 Ill. App. 3d 377, 380, 510 N.E.2d 555.) Because it is clear from the record that the trial judge did not consider the additional issues defendants raise, we do not do so.

■ We next consider whether plaintiff's failure to register the name "C & D Corp." under the Assumed Name Act prevents plaintiff from maintaining the present suit. That act provides, *inter alia*:

"No person or persons shall conduct or transact business in this State under an assumed name, or under any designation, name or style, corporate or otherwise, other than the real name or names of the individual or individuals conducting or transacting such business, unless such person or persons shall file in the office of the County Clerk of the County in which such person or persons conduct or transact or intend to conduct or transact such business, a certificate setting forth the name under which the business is, or is to be, conducted or transacted, and the true or real full name or names of the person or persons owning, conducting or transacting the same, with the post office address or addresses of such person or persons and every address where such business is, or is to be, conducted or transacted in the county." (Ill. Rev. Stat. 1987, ch. 96, par. 4.)

Violation of the Assumed Name Act is a Class C misdemeanor (Ill. Rev. Stat. 1987, ch. 96, par. 8), and that penalty is exclusive (*Grody v. Scalone* (1950), 408 Ill. 61, 65, 96 N.E.2d 97). A party operating under an assumed name without registering the name under the Assumed Name Act may sue and be sued. *People v. Arnold* (1972), 3 Ill. App. 3d 678, 681, 279 N.E.2d 436.

Plaintiff also contends that the Business Corporation Act does not

bar him from maintaining this action because of his use of a corporate name when not incorporated. Defendants argue, as they did in the trial court, that C & D Corporation cannot maintain this lawsuit until it pays its franchise taxes. Section 15.85 of the Business Corporation Act provides, *inter alia*, that "[n]o corporation required to pay a franchise tax, license fee or penalty under this Act shall maintain any civil action until all such franchise taxes, license fees and penalties have been paid in full." (Ill. Rev. Stat. 1987, ch. 32, par. 15.85.) We find defendants' argument without merit as C & D Corporation is not a corporation and is not subject to payment of a franchise tax. Furthermore, we note section 220 of the Business Corporation Act, which provides:

> "If any *** person puts forth any sign or advertisement, and therein assumes, for the purpose of soliciting business, a corporate name, not being incorporated, such *** person commits a petty offense and shall be deemed guilty of an additional petty offense for each day he *** continue[s] to so offend." (Ill. Rev. Stat. 1987, ch. 32, par. 211.1.)

In *Edgerton v. Preston* (1884), 15 Ill. App. 23, the court considered a substantially similar Illinois statutory provision and held that the only penalty for a violation of the statute was a fine, and that contracts entered into by an individual violating the statute would not be rendered invalid. (*Edgerton*, 15 Ill. App. at 27.) The Illinois Supreme Court has cited *Edgerton* with approval, in *dicta. People ex rel. Power v. Rose* (1905), 219 Ill. 46, 63, 76 N.E. 42.

■■■ Furthermore, at least insofar as defendant Patrick Cadillac is concerned, it is estopped from denying that C & D Corporation is legally incorporated. Where one deals with a pretended corporation in a manner which recognizes its existence and the pretended corporation changes its position to its detriment, the other party is estopped from denying that the pretended corporation has been legally organized. (*Zimmerman Ford, Inc. v. Cheney* (1971), 132 Ill. App. 2d 871, 874, 271 N.E.2d 682; *Spreyne v. Garfield Lodge No.1 of the United Slavonian Benevolent Society* (1904), 117 Ill. App. 253, 255.) Here, plaintiff's right to recover against defendant Patrick Cadillac does not depend on the capacity in which plaintiff contracted with it. (See *Zimmerman Ford, Inc.*, 132 Ill. App. 2d at 874; *cf. National Cash Register Co. v. Clyde W. Riley Advertising System* (1928), 329 Ill. 403, 160 N.E. 545 (capacity in which party contracted was essential to the determination of priority of liens to purchased property).) While we recognize that an action brought by a nonexistent entity is void *ab initio* (see *Lewis v. West Side Trust & Savings Bank* (1941), 377 Ill.

384, 385, 36 N.E.2d 573), plaintiff, Claud Thompson, d/b/a C & D Corporation, is an individual, and exists.

Defendants also argue that plaintiff Thompson lacks standing to sue under the doctrine of judicial estoppel. As defendants have not cited any authority holding that the doctrine of judicial estoppel deprives a party of standing to sue, we do not consider the issue. See 107 Ill. 2d R. 341(e)(7).

Accordingly, the summary judgment of the circuit court is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

INGLIS and LINDBERG, JJ., concur.