HOSKINS CHEVROLET, INC., Plaintiff-Appellee, v. RONALD HOCHBERG, Indiv. and d/b/a Diamond Auto Construction, Defendant-Appellant.

First District (1st Division)   No. 1—96—4135

Opinion filed January 20, 1998.

Arnstein & Lehr, of Chicago (Vito P. LoVerde and Hal R. Morris, of counsel), for appellant.

Robert E. Senechalle, Jr., Ltd., of Forest Park, for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the court:

Defendant Ronald Hochberg appeals from an order of the circuit court of Cook County granting summary judgment in favor of plaintiff Hoskins Chevrolet, Inc. Defendant contends that the trial court erred in determining that he was individually liable for a corporate debt.

Plaintiff, an Illinois corporation engaged in the sale of automobiles and automobile parts, filed a complaint for breach of contract and account stated against defendant alleging that he ordered and received from plaintiff automobile parts valued at $40,198.16 for which he

never paid. Defendant filed a motion to dismiss asserting that, at all times relevant to plaintiff's complaint he was the president of Diamond Auto Body & Repair, Inc., an Illinois corporation, and that at no time did he conduct business with plaintiff in any capacity other than as the president of the corporation. Plaintiff filed a response, stating that the invoices it sent for the automobile parts were in the name of Diamond Auto Construction and that payment was always made to plaintiff with checks drawn on the bank account of Diamond Auto Construction. Defendant's motion to dismiss was denied.

Defendant filed an answer in which he admitted that he received all of the automobile parts at issue, but only as president of a corporation and not individually or doing business as Diamond Auto Construction. He further admitted that the September and October 1994 bank statements attached to plaintiff's complaint were true and correct copies of statements of the bank account of Diamond Auto Construction, but he asserted that the statements were never delivered to him individually but to the corporation. He denied that there was an account stated between himself and plaintiff. His answer asserted as an affirmative defense that Diamond Auto Construction was at all times material to plaintiff's complaint the "operating name" of the corporation and that he was the president of the corporation.

Plaintiff filed a motion for summary judgment asserting that, at all pertinent times, it had done business with defendant and Diamond Auto Construction, and Diamond Auto Construction was not a corporation nor had it ever been registered with the Illinois Secretary of State as the assumed name of a corporation as required by section 4.15 of the Business Corporations Act of 1983. 805 ILCS 5/4.15 (West 1994). In support of its motion, plaintiff noted that defendant admitted in his answer that parts were purchased under the name Diamond Auto Construction and that the invoices attached to the complaint were true and correct copies of Diamond Auto Construction's account. Plaintiff also noted that because defendant failed to respond to plaintiff's request for admission of facts, defendant was deemed to have admitted that Diamond Auto Construction was neither incorporated nor registered as an assumed name of a corporation. Plaintiff asserted that because the amount owing was undisputed, the only issue before the court was whether defendant, as the principal of Diamond Auto Construction, was individually liable for the debt. Plaintiff attached copies of checks written to plaintiff from the checking account of Diamond Auto Construction and invoices sent by plaintiff to Diamond Auto Construction.

Defendant filed a response asserting that Illinois law provides that a corporation's use of an unauthorized name does not impose vicarious liability upon the corporation's shareholders or officers. He stated that plaintiff knew from the beginning that he represented a corporation and, therefore, was estopped from pursuing him individually on the debt. In support of his assertion, he noted plaintiff's admission in its answer to defendant's request to admit that defendant had applied for credit with plaintiff as president of Diamond Auto Construction and in the application had described Diamond Auto Construction as a corporation. In an affidavit attached to his response, defendant asserted that he was the president of Diamond Auto Body & Repair, Inc., a corporation validly existing and in good standing in Illinois, and that he never did business individually or as Diamond Auto Construction. The affidavit did not address the relationship of Diamond Auto Construction to the corporation.

Plaintiff filed a reply, asserting that it was not its knowledge or belief that determined whether Diamond Auto Construction was a corporation, but Illinois law. Plaintiff claimed that according to defendant's argument, no individual would ever have to incorporate in order to receive the benefits of limited liability because, as long as he represented to others that he was a corporation, others would be estopped from treating him otherwise.

After a hearing, the trial court granted plaintiff's motion for summary judgment and found that defendant owed plaintiff the amount of $28,198.16 plus costs.

Defendant filed a motion to reconsider, asserting that the trial court erred in determining that the corporation's use of the unregistered name Diamond Auto Construction was sufficient to impose personal liability on him. He argued that the court did not properly consider the case law he had cited in his response and erred in finding that the facts of his case were dissimilar to those in *Pilsen Brewing Co. v. Wallace*, 291 Ill. 59 (1919). He asserted that just as in *Pilsen*, "there is no evidence in this case that Plaintiff did not know at the time this contract arose that 'Diamond Auto Construction' was not a valid Illinois corporation." He claimed that, as in *Pilsen*, the business represented by the assumed name was the exact same business as the corporation "with the name being the only difference." He also argued that plaintiff's contract was not with him personally, but as agent for Diamond Auto Construction as disclosed on the credit application, and that plaintiff presented no evidence to support its claim that Diamond Auto Construction was a completely separate entity from the corporation. Attached to the motion was defendant's affidavit in which he asserted that Diamond Auto Construction was

the assumed name of Diamond Auto Body & Repair, Inc., and did not exist separate and apart from the corporation. Also attached were copies of the corporate federal tax returns which referenced the name Diamond Auto Construction and copies of corporate checking account statements and checks from two banks indicating that the checks to the corporate accounts were in the name of Diamond Auto Construction.

The trial court denied defendant's motion.

On appeal, defendant cites *Pilsen* and *Przybyl v. Chelsea Motor Inn*, 105 Ill. App. 3d 942 (1982), in support of his contention that the trial court erred in determining that the corporation's use of the unregistered name Diamond Auto Construction imposed personal liability on him, the president of the corporation.

■ In Illinois, summary judgment shall be granted if the pleadings, depositions, admissions, affidavits and any other evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1994). Where the moving party has presented evidence in the form of depositions, admissions or affidavits in support of his motion, the nonmoving party must present evidentiary material that establishes a genuine issue of material fact. *Levitt v. Hammonds*, 256 Ill. App. 3d 62, 66 (1993). Although the nonmoving party need not prove his case as he would at trial, he must present some factual basis that would arguably entitle him to judgment under the applicable law. *West v. Deere & Co.*, 145 Ill. 2d 177, 182 (1991). However, the pleadings, depositions and affidavits must be construed most strictly against the moving party and most liberally in favor of the opponent. *Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986). Because summary judgment is a drastic remedy disposing of litigation, it should be granted only when the right of the movant is clear and free from doubt. *Spivack, Shulman & Goldman v. Foremost Liquor Store, Inc.*, 124 Ill. App. 3d 676, 682-83 (1984).

Initially, we note that the cases cited by defendant were governed by law in existence prior to the legislative amendment of 1981 which for the first time allowed Illinois corporations to elect to adopt an assumed name if certain prescribed procedures were followed. See *Przybyl*, 105 Ill. App. 3d at 943; *Precision Components, Inc. v. Kapco Communications*, 131 Ill. App. 3d 555, 559 (1985). *Pilsen* was decided in 1919, and, unlike the facts presented here, the central determining element was the fact that the directors of the defendant corporation adopted a resolution to change the corporate name but never filed a certificate of amendment with the Secretary of State. The reviewing court found that the directors' action coupled with the

obvious intention of the parties that the contract be between the plaintiff and the corporation prevented the officers of the corporation from being personally liable on the contract. *Pilsen*, 214 Ill. App. 3d at 545. Accordingly, we find that *Pilsen* is not helpful here. In *Przybyl*, the facts were also dissimilar to those in the case at bar. There, the issue did not involve a contract but posed the question of whether a corporation's unauthorized use of an assumed name would result in personal liability of the shareholders for the alleged negligence of a corporate employee. *Przybyl*, 105 Ill. App. 3d at 943. We find neither *Pilsen* nor *Przybyl* helpful in resolving the matter before us under the current law.

■ The Business Corporations Act (the Act) permits a corporation to elect to adopt an assumed name provided that certain procedures are followed. 805 ILCS 5/4.15 (West 1994). Where those procedures are not followed, the corporation is required to conduct business under its corporate name. However, the Act provides that a corporation may use the "name of a division, not separately incorporated ***, provided the corporation also clearly discloses its corporate name." 805 ILCS 5/4.15(b)(2) (West 1994). The use of an assumed name without complying with the Act or disclosing the corporate name neither creates a legal entity nor does it inform creditors of the existence of the "parent" corporation. *Precision Components*, 131 Ill. App. 3d at 560.

■ In the case at bar, defendant admitted that Diamond Auto Body & Repair, Inc., used the assumed name of Diamond Auto Construction without complying with the filing requirements of the Act. Further, the record contains no evidence that while using the assumed name in his dealings with plaintiff, defendant also disclosed the corporate name as required by section 4.15(b)(2) of the Act. 805 ILCS 5/4.15(b)(2) (West 1994). Accordingly, we find no error in the trial court's determination that, under the Act, Diamond Auto Construction was neither a corporation nor the assumed name of a corporation for purposes of establishing contract liability in anyone other than defendant.

■ Next, defendant cites *Thompson v. Patrick Cadillac*, 187 Ill. App. 3d 104 (1989), and *Knight's Prairie Hunting Club, Inc. v. Holmes*, 263 Ill. App. 3d 455 (1994), for the proposition that plaintiff was estopped from seeking a judgment against him personally because the evidence demonstrated that plaintiff believed that it was dealing with a corporation. Although neither case is factually similar to the case at bar, defendant directs our attention to the fact that in each case the court made a general statement that an individual who deals with a pretended corporation in a manner which recognizes its

existence is estopped from denying the existence of the corporation. *Thompson*, 187 Ill. App. 3d at 109; *Knight's*, 263 Ill. App. 3d at 459-60. However, we find that neither case discussed the estoppel issue in any depth or addressed the issue as it may be applied to this case.

In *Davane, Inc. v. Mongreig*, 193 Ill. App. 3d 636, 641 (1990), the reviewing court was required to address a similar statement taken from the case of *Zimmerman Ford, Inc. v. Cheney*, 132 Ill. App. 2d 871, 874 (1971). The *Davane* court noted that the statement made by the *Zimmerman* court was misleading in that it generalized the applicable law without discussing the recognized relationship between the doctrine of *de facto* corporations and the principle of estoppel to deny corporate existence. The court stated:

> "An organization which is not technically a corporation because of the failure to meet some statutory requirement will be recognized as a *de facto* corporation if there is a valid law under which it may be organized, a good-faith effort to organize under the law, a colorable or apparent compliance with the law, and if the organization is a user of corporate powers. [Citation.] A person who contracts with an entity while the entity is acting as a *de facto* corporation, and who contracts with it as an organized corporation, is estopped from denying its corporate status at the time the parties entered into the agreement. [Citation.] If the organization was not a *de facto* corporation, however, there is no estoppel to deny its corporate existence." *Davane*, 193 Ill. App. 3d at 641.

Here, as in *Davane*, we find that defendant presented no evidence of a good-faith effort to comply with the statutory formalities of the Act for either creating a corporation or operating under an assumed name. Accordingly, Diamond Auto Construction was not a *de facto* corporation and plaintiff was not estopped to deny its corporate existence.

For these reasons, the order of the circuit court of Cook County granting summary judgment in favor of plaintiff is affirmed.

Affirmed.

O'BRIEN and GALLAGHER, JJ., concur.